John M. BEMIS, Appellant,

v.

Raymond BERTRAM and Susan Bertram,
Appellees.

No. 2306.

Supreme Court of Alaska.

March 24, 1975.

Mary A. Nordale, Fairbanks, for appellant.

Patrick T. Brown, Rice, Hoppner, Blair & Hedland, Fairbanks, for appellees.

## OPINION

Before RABINOWITZ, C. J., and CONNOR and BOOCHEVER, JJ.

### PER CURIAM.

John M. Bemis admitted liability for a head-on automobile collision in which Susan Bertram was injured. After a jury trial, she was awarded $45,000.00 in damages, and her husband, Raymond Bertram, obtained a verdict of $5,000.00 for loss of consortium, time spent in nursing and care of Mrs. Bertram and damage to personal property. Bemis contends that the evidence presented at trial did not support the verdict, and that the verdicts were so grossly excessive as to shock the conscience of the court.

Viewing the evidence and inferences therefrom in the light most favorable to the prevailing parties below,[1] we hold that

1. Jakoski v. Holland, 520 P.2d 569 (Alaska 1974); Graham v. Rockman, 504 P.2d 1351 (Alaska 1972). There is little point in detailing the evidence, but the following summary of facts justifies the award. Mrs. Bertram suffered injuries to both knees, her abdomen and neck. X-rays revealed a straightening of the normal curve of the neck as a result of muscle spasms. She also suffered from headaches as a result of the injuries. She developed gouty arthritis of the right knee secondary to the trauma resulting from the automobile accident. The only two doctors who testified in the case concluded that Mrs. Bertram would have continuing disability, rating her as being 30 percent permanently partially disabled.

The testimony further indicated that Mrs. Bertram suffered from pain almost continuously since the accident, that she was no longer able to cope with her household chores as she could before the accident. Lifting anything heavy causes pain. Mr. Bertram has been required to perform many of the chores previously done by Mrs. Bertram and must frequently massage his wife's neck to relieve the spasm and resulting pain.

At the time of the accident, Mrs. Bertram was enrolled as a student at the University of Alaska seeking to obtain her teaching credentials and received a degree in elementary education in May 1972. Mrs. Bertram did not apply for a teaching position for the 1972–73 school year due to her injuries. In June 1972, the doctor was of the opinion that she was not fit to teach due to her injuries. She would have earned $6,700.00 if she had taught that year. The doctors believed that her injuries would interfere with her teaching capabilities in the future.

Mrs. Bertram was 29 years old with a life expectancy stipulated to be 42 years. Her

the awards were not manifestly unjust, such as being the result of passion or prejudice or a disregard of the evidence or rules of law.[2] Accordingly, the judgment below is affirmed.

Affirmed.

ERWIN, J., not participating.

---

award amounted to approximately $1,070.00 per year, and her husband's to approximately $125.00 per year.

2. Fruit v. Schreiner, 502 P.2d 133 (Alaska 1972); Beaulieu v. Elliott, 434 P.2d 665 (Alaska 1967); City of Fairbanks v. Smith, 525 P.2d 1095 (Alaska 1974).